## A. D. ZIMMERMAN v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

### Division One, March 31, 1910.

**APPELLATE JURISDICTION: Injunction.** An appeal from a judgment enjoining a street railway company from laying its tracks in a street in front of plaintiff's property, his only complaint being that his property will be impaired and its value reduced in an unnamed sum, and there being no attempt by defendant to take or condemn any of his property, is to the Court of Appeals.

Appeal from Jackson Circuit Court.—*Hon. H. L. Mc-Cune*, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Jno. H. Lucas* for appellant.

*Jas. G. Smith* for respondent.

VALLIANT, J.—This is a suit in equity whereby the plaintiff asks to enjoin the defendant street railway corporation from laying its tracks in Kensington avenue in Kansas City. The petition states that Kensington avenue and Fifteenth street are public highways crossing each other at right angles; that plaintiff is the owner of certain real estate situate at the southeast corner of those streets, fronting 132 feet on Kensington avenue, and forty-three feet on Fifteenth street; that defendant owns certain real estate of greater area situate at the southwest corner of those streets fronting both, on which are situated buildings called in record "car barns," by which we understand is meant car sheds or buildings in which to store its cars; that defendant owns and operates a street railway along Fifteenth street in front of plaintiff's property, and switch tracks leading to defendant's car

sheds; that defendant is about to lay tracks leading from its Fifteenth street tracks into Kensington avenue, which it has no authority in law for doing, and which if suffered to be done will practically destroy the street as a public highway and impair the value of plaintiff's property, cutting off or impairing its ingress and egress. The petition alleges that plaintiff's injury would be irreparable, his damages not estimable and he has no remedy at law. The answer was a general denial and a plea of estoppel. The trial resulted in a decree for the plaintiff enjoining the defendant from laying its tracks and from that decree this appeal comes.

There is nothing in this record to give this court jurisdiction of this appeal. Defendant is not attempting to condemn or take any of the plaintiff's property; there is no question as to title to real estate; the only complaint of plaintiff is that the use of his property will be impaired and its value reduced.

The cause is transferred to the Kansas City Court of Appeals. All concur.